84,074-01

11/3/2015

Patrick L. Campbell Jr.

TDCJ No. 1712015

J.V. Allred Unit

2101 F.m. 369 N

Iowa Park, Texas 76367

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 09 2015

Abel Acosta, Clerk

RE: Applicant's Rebuttal To State's Supplemental Answer And To Trial And Appeal Attorney's Affidavit's To 11.07 Application For Post-conviction Writ of Habeas Corpus Cause No. 10CR3689-83-1

Dear Mr. Acosta:

Enclosed Please Find Applicant's Rebuttal In the Above Styled And Numbered Cause. Please File This And Bring It To The Attention of The Court.

Please Also, with The Enclosed Self Addressed Postage Paid Envelope Send Me A Stamped Filed Copy Of This Copied Letter Enclosed.

Sincerely
Patrick L. Campbell Jr.

Cause No. 10CR3689-83-1

Ex Parte:               In The District Court of

                          Galveston County, Texas

Patrick L. Campbell Jr.       122nd Judicial District

### Applicant's Rebuttal To States Supplemental Answer and To Trial and Appeal Attorney's Sworn Affidavit To 11.07 Application For Post-conviction Writ of Habeas corpus

Comes Now, The Applicant To Refute States Supplemental Answer And Trial And Appeal Attorney's Sworn affidavits In Response To Applicant's 11.07 Application For Post-conviction writ of Habeas corpus.

This Trial court Has Acted In Bad Faith In Denying the Applicant His Due Right To Relief In Ignoring the constitutional Errors In Applicant's claim Which Entitles The Applicant To Habeas corpus Relief. The Due Process clause of The 14th amendment Requires The state To search out All Evidence, Not Partial Evidence. The state Provided The applicant And His Trial Lawyer with only Partial of the Evidence Being The DNA Results Which Excluded The applicant from the magazine clip which was admitted Into Evidence And used And Relied on By The state At applicant's trial To Sustain Applicant's conviction And Sentence of Aggravated Robbery with the Findings of A Deadly Weapon against victim Jose varela who In Fact Testified At Applicant's Trial And

(1)

stated that the applicant was not the assailant or suspect responsible for the robbery and assault in which the state convicted and sentenced the applicant for. The state knowingly and intentionally provided the applicant and his trial lawyer with only partial of the evidence being only DNA results that excluded the applicant from the magazine clip and not the identity of the unidentified suspect whose DNA contaminated physical evidence the state used and relied on to sustain applicant's wrongful conviction and sentence. Rule 3.09 "Special Responsibilities of a Prosecutor" states, "A prosecutor has the responsibility to see that justice is done, and not simply to be an advocate. This responsibility carries with it a number of specific obligations. Among these is to see that no person is threatened with or subjected to the rigors of a criminal prosecution without good cause". The state had an affirmative duty as required by the Due Process clause of the 14th Amendment to search out all evidence and to provide the applicant and his trial lawyer not only with DNA results that excluded the applicant from the magazine clip, but to also provide the applicant and his trial lawyer with the identity of the unidentified suspect whose DNA contaminated the magazine clip which the state admitted into evidence using and relying on as physical evidence against the applicant to sustain a wrongful conviction and sentence. Therefore, applicant's claim of prosecutorial misconduct is valid.

In the affidavit of Mark Aronowitz, applicant's trial counsel, applicant refutes the allegations that he and his trial lawyer decided together as a matter of trial strategy to not attempt

(2)

To determine the actual contributor of the DNA sample. In matter of fact, trial lawyer Mark Aronowitz sworn affidavit shows a conflict of interest in that he would advise his client, the applicant, not to pursue the identity of the actual contributor of the DNA sample as a matter of trial strategy. Either trial lawyer Mark Aronowitz is just incompetent or absolutely ineffective. But either or there is nothing in the existing records or in writing that proves the allegations of applicant's trial lawyer. Hearsay is not admissible in a court of law according to Rule 8.02. C.C.P. And the allegations in the affidavit of trial lawyer Mark Aronowitz is absolutely hearsay. But, as for the applicant, the applicant in his claim of ineffective assistance of trial lawyer has stated nothing but facts in support of his claim and the existing records substantiates applicant's facts with the support of Mark Aronowitz frivolous affidavit which proves on behalf of applicant that trial lawyer Mark Aronowitz was in fact ineffective in applicant's trial due to trial lawyer's failure to have identified the unidentified suspect whose DNA was on the magazine clip that was admitted into evidence to be used and relied on by the state to sustain a wrongful conviction and sentence against trial lawyer's client, the applicant. Trial lawyer Mark Aronowitz inadequate counsel and representation of the applicant prejudiced the outcome of applicant's trial. Trial lawyer Mark Aronowitz denied applicant's 6th Amendment right to adequate counsel and representation when he alone decided not to pursue the identity of the actual contributor of the DNA sample as a matter of trial strategy without applicant's knowledge. Trial lawyer's

(3)

Inadequate counsel and representation also deprived the Applicant of His constitutional right to cross examine the unidentified suspect whose DNA alone was on Physical Evidence the state used and relied on as Physical Evidence against the Applicant. The magazine clip which was contaminated with an unknown suspects DNA substantiates the testimony of victim Jose varela who testified at Applicant's trial that the Applicant was not the suspect or assailant responsible for the Robbery and assault. Therefore, Trial Lawyer mark Aronowitz failure to have identified the unidentified suspect through DNA match Prejudiced the outcome of Applicant's trial and Further supports Applicant's claim of Ineffective assistance of trial counsel. Therefore, Applicant's claim of Ineffective assistance of Trial counsel Is valid.

In the affidavit of James Ducote the Applicant Refutes that Appeal Attorney James Ducote Ever Had a strategy for Applicant's direct Appeal. In the Appeal Attorney's sworn Affidavit James Ducote stated that He determined that all But the Late Introduction of the Police-In-car video Did Not constitute Error. Appeal Attorney James Ducote Filed a Frivolous Brief In the case of Applicant's direct Appeal claiming that the state was Responsible for disclosing the Existence of a Police-In-car video only Near the End of states direct Examination, Thereby depriving the Applicant the Adequate cross-Examination of all of the states witnesses who testified Prior to the states disclosure of the Police-In-car video Recording depriving the Applicant of His Federal and State Rights to due Process. All was Frivolous, cause Based on the opinion Issued June 20, 2013 By the court of

(4)

Appeals for the First District of Texas Stated that Applicant's Trial Lawyer Mark Aronowitz Reviewed the Police-In-car video, Declined to Introduce It, and stated that he, Trial lawyer Mark Aronowitz Had no objection to Proceeding to closing argument. This further supports Applicant's claim that Applicant's Appeal Attorney James Ducote was constitutionally Inadequate and Ineffective In Applicant's Appeal Process In Failing to Raise a claim of Ineffective Assistance of Trial counsel Against Applicant's Trial Lawyer Mark Aronowitz. This Also Further supports Applicant's claim That Applicant's Appeal Attorney James Ducote Never Had a Strategy For Not Addressing The DNA Evidence In Applicant's Appeal Process. Appeal Attorney James Ducote's Brief In Applicant's Appeal Process was Frivolous And Further supports Applicant's claim That Applicant's Appeal Attorney was Ineffective In Applicant's Appeal Process. Therefore, Applicant's claim of Ineffective Assistance of Appeal Attorney Is valid

ALSO, Appeal Attorney James Ducote Stated In His Sworn Affidavit That Evidence Presented By the State, Both Genetic and Otherwise, Would Have Resulted In the Jury's Same Decision, Even If Applicant's Allegations Were True, Which Is Not True says the Applicant. Victim Jose Varela Testified At Trial That the Applicant was Not the Assailant or Suspect Responsible For The Robbery And Assault, And DNA Evidence Which Appeal Attorney James Ducote Failed To Address In Applicant's Direct Appeal Further substantiates Victim Jose Varela's Testimony on Behalf of Applicant. Appeal Attorney James Ducote Also Stated Falsely In His Sworn affidavit supposedly To the Best of His Knowledge That DNA Found on clothing Items Left By the Perpetrator matched

(5)

The Applicant Which Is Not True. The only match made on clothing Items Left By The Perpetrator Belonged only To The Perpetrator who was Identified Through DNA match As Adam Darnell Daniels, Not The Applicant. The Applicant Believes That Appeal Attorney James Ovcote Porposely made This False Statement. In His Sworn Affidavit With The Intentions of misleading The court To Further support His Falsely sworn Affidavit Against The Applicant And The Applicant's Request For Relief In Applicant's 11.07 Post-Conviction Writ of Habeas Corpos. Therefore, Applicant Requests That This court Hold Appeal Attorney James Ovcote Accountable For Perjury In making Such A False Statement In His Sworn Affidavit.

Prayer

Due To The Facts Stated Herein By The Applicant The Applicant Therefore Requests That His Relief Be Granted.

<u>Patrick L. Campbell Jr.</u>
Patrick L. Campbell Jr.
Applicant Pro Se
TDCJ No. 1772015
J.V. Allred Unit
2101 F.m. 369 N.
Lowa Park, Texas 76367

(6)